Judgment reversed and new trial granted, costs to abide event.

---

THOMAS H. LEWIS, Respondent, *v.* EMILY N. COOK and Others, Appellants, Impleaded with Others.

89 183
150a 163
89 183
14ap599

*Probate of will — time of commencement of an action under § 2653a of Code of Civil Procedure — applies to all wills proved after its passage.*

In an action brought to determine the validity of the probate of a will, under section 2653a of the Code of Civil Procedure, the defendants alleged as a defense that the action was not commenced within the time prescribed by said section; that the section had no application to a will relating to personal property, and was not applicable to the action because the testator died before its passage.

The will in question was first admitted to probate July 27, 1891. On February 3, 1893, the probate was reversed by the Court of Appeals; the will was admitted to probate a second time on October 9, 1893, and this action was commenced on June 1, 1894.

Upon an appeal by the defendants from an interlocutory judgment sustaining the demurrer interposed by the plaintiff to the defense set up in the defendant's answer on the ground that it was insufficient in law upon its face,

*Held,* that the demurrer should be sustained; that by the judgment of the Court of Appeals the original status of the parties was restored, and they were placed in the same position as they were before the first probate of the will, and the action, having been commenced within two years after the will was admitted to probate by the second decision of the surrogate, was commenced within the time prescribed by the statute;

That section 2653a of the Code of Civil Procedure applied to all wills and codicils, whether of real or personal property, and also applied to wills which were proved after the passage of said act, even though the testator died before its passage.

APPEAL by the defendants, Emily N. Cook and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk upon the decision of the court rendered after a trial at the Suffolk Special Term sustaining the plaintiff's demurrer to the first defense set up in the amended answer.

*Thomas Young,* for the appellants.

*Wilmot M. Smith,* for the respondent.

DYKMAN, J. :

This is an appeal from an interlocutory judgment sustaining the demurrer interposed by the plaintiff to the first defense set forth in the amended answer of the defendants Cook and Codling. The action was brought to determine the validity of the probate of a will of Mary Snelling, deceased, under section 2653a of the Code of Civil Procedure. For a first defense the defendants set up in their answer that the action was not commenced within the time prescribed by the section of the Code to which reference has been made. *Second.* That the section has no application to personal property. *Third.* That the section is not applicable to this action because the testator died before its passage.

The plaintiff demurred to that defense on the ground that it was insufficient in law upon its face. The issue of law was tried at Special Term, and judgment was rendered for the plaintiff sustaining

the demurrer, and from that judgment the said defendants appealed. The case is under the control of the first part of section 2653a, which reads as follows : " Any person interested in a will or codicil admitted to probate in this State, as provided by the Code of Civil Procedure, may cause the validity of the probate thereof to be determined in an action in the Supreme Court for the county in which such probate was had."

The section requires that the action should be commenced within two years after the will has been admitted to probate. In this case the will was first admitted to probate July 27, 1891, but before two years from that date, and on February 3, 1893, the probate was reversed by the Court of Appeals.

Before two years had expired after the first probate of the will, the plaintiff was prevented from bringing this action by the judgment of the courts. By that judgment the original status was restored, and the parties were placed in the same condition as they were before the first probate of the will; they had the same rights before the surrogate, and the same rights to attack the will under section 2653a of the Code within two years from his second decision admitting the will to probate, which was October 9, 1893. This action was commenced June 1, 1894, within less than one year from the time the will was finally admitted to probate. It appears, therefore, that under a proper construction of the statute this action was commenced within the time prescribed by the section quoted. It is also contended by the defendants that the section in question has no application to personal property, but the contention is erroneous, for the language is general and applies to all wills and codicils, whether of real or personal property. It is also contended that the section does not apply to this case, because the testator died before the section was enacted, which was in 1893, but we agree with the conclusion of the trial judge, that the section applies to wills which were proved after the passage of the act. The statute constituted a change in the mode of procedure, which is not violative of any vested rights.

Judgment should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.